# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JENNIFER DOEDERLEIN**, 1932 Gilbert St., Georgetown, South Carolina 29440. | : : : : | |
| **Plaintiff,** | : : | Case No.: 3:25-cv-1439 |
| v. | : : : | Judge: |
| **OAK STREET HEALTH MSO, LLC** 4400 Easton Commons Way, STE. 125, Columbus, OH 43219 | : : : : : | **Jury Demand Endorsed Hereon** |
| **Defendant,** | : | |

## COMPLAINT

NOW COMES Plaintiff Jennifer Doederlein ("Plaintiff") and proffers this Complaint for damages against Defendant Oak Street Health MSO, LLC (hereinafter, "Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611(2), the Americans with Disabilities Act of 1990, as amended by ADA Amendments Act of 2008 ("ADAAA"), and O.R.C. 4112 et seq.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332.(e), which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under Ohio law pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. This Court has jurisdiction over Plaintiff's ADAAA claims, as Plaintiff has exhausted all administrative remedies and requirements. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 20, 2024, asserting her claims under the ADAAA. Plaintiff received a Right to Sue Letter from the EEOC on or about April 11, 2025.

## THE PARTIES

5. Plaintiff is an individual, a United States citizen, and a resident of South Carolina.

6. Defendant is an Ohio limited liability company doing business in the Northern District of Ohio.

7. At all times relevant herein, Plaintiff was an "eligible employee" as that term is defined under the FMLA.

8. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

9. At all times relevant herein, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4)(A) of the FMLA.

10. At all times relevant herein, Defendant was a covered "employer" as that term is defined under the ADAAA and O.R.C. 4112 et seq.

11. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined under the ADAAA and O.R.C. 4112 et seq.

12. At all times relevant herein, Defendant was engaged in commerce or an industry or an activity affecting commerce, and employed 50 or more employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

## FACTUAL BACKGROUND

13. Plaintiff began working for Defendant as a Practice Manager in approximately August 2021.

14. Plaintiff served as the Practice Manager for Defendant Toledo Northside Center clinic.

15. Plaintiff's job duties in her position of employment for Defendant included handling the day-to-day operations of the facility, managing the staff, and monitoring certain metrics at the facility.

16. Plaintiff was originally supervised by Tara Schubert, who served as the then-Regional Vice President over the Defendant's Toledo Northside Center clinic.

17. Plaintiff received positive feedback from Ms. Schubert regarding Plaintiff's performance, with Ms. Schubert providing Plaintiff with semi-annual and annual overall ratings of either "Exceeds Expectations" or "Meets Expectations."

18. In January 2023, Fatima Riveron became Plaintiff's direct supervisor when Defendant realigned the reporting structure of a few of their Ohio facilities, with the Toledo clinic being placed under Ms. Riveron's supervision.

19. In April 2023, Ms. Riveron provided Plaintiff with her semi-annual review. Ms. Riveron provided Plaintiff with an overall "Meets Expectations" rating, and Ms. Riveron's only criticism of Plaintiff was that Plaintiff out of the facility to assist on certain outreach programs the Defendant needed her to help cover.

20. Plaintiff's anxiety and PTSD became worse in the fall of 2023 due to personal issues she was experiencing. Plaintiff increased her medication to help deal with her anxiety and PTSD. One of these negative side effects of Plaintiff's increased medication was that Plaintiff was particularly drowsy in the mornings.

21. Plaintiff's medication made her so drowsy one morning that it caused her to be late to a clinical staff meeting being conducted by the Medical Director.

22. Ms. Riveron spoke with Plaintiff regarding the tardiness to the meeting. Plaintiff informed Ms. Riveron that it was because of the medication she was taking for anxiety and PTSD, and it was making her drowsy in the mornings.

23. Ms. Riveron responded by indicating that Plaintiff should consider not taking the medicine anymore.

24. A few weeks later, on or about Wednesday, November 22, 2023, Plaintiff submitted a 30-day leave of absence request due to her anxiety and PTSD.

25. Plaintiff submitted a 30-day leave of absence request to the Defendant's third-party administrator for FMLA leave and as a reasonable accommodation under the ADAAA/O.R.C. 4112 et seq.

26. Plaintiff also provided notice of her requested leave of absence to the Defendant's human resource representative, Gina l/n/u.

27. Plaintiff notified her staff and management of her requested leave of absence the day after Thanksgiving, Friday, November 24, 2023.

28. On Monday, November 27, 2023, Defendant advised Plaintiff that her employment was terminated.

## FIRST CAUSE OF ACTION
### Retaliation – Family and Medical Leave Act

29. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

30. Plaintiff was an eligible employee to take FMLA leave when she needed to take off work for mental health conditions, as she had worked more than one thousand two hundred and fifty

hours (1,250) for Defendant prior to date of the request for leave, and Defendant employed Plaintiff for more than twelve (12) months prior to that date.

31. Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611 (2).

32. Defendant employed more than 50 persons within a 75-mile radius of the location Plaintiff worked for Defendant.

33. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A).

34. Plaintiff suffered an adverse employment action when Defendant terminated her employment.

35. There is a casual connection between Plaintiff taking FMLA leave and her termination given, among other reasons, the temporal proximity between those events.

36. Plaintiff can demonstrate that Defendant's reason for terminating her is a pretext of unlawful retaliation under the FMLA because, among other reasons, the timing of Defendant's decision, Defendant's explanation lacking a basis in fact, Defendant failing to follow its progressive disciplinary policy with Plaintiff, Defendant's change in treatment of Plaintiff after she requested FMLA leave, and Defendant treating Plaintiff less favorably thank similarly situated employees who did not take FMLA leave.

37. Defendant's violation of the FMLA entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorney's fees and costs of bringing this litigation, in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Interference – Violation of the Family and Medical Leave Act**

38. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

39. Plaintiff was an eligible employee to take FMLA when she needed to take medical leave because she worked more than one thousand two hundred fifty hours (1,250) for Defendant prior to that date, and Defendant employed Plaintiff for more than twelve (12) months prior to that date.

40. Plaintiff put Defendant on notice that he needed FMLA leave for her serious health condition by, at a minimum, applying for FMLA leave.

41. Defendant knew that Plaintiff's serious health condition qualified for FMLA leave because Defendant approved it.

42. Plaintiff's "serious health conditions" are qualifying events for leave under the FMLA, entitling Plaintiff to twelve (12) weeks of job-protected leave.

43. Defendant interfered with Plaintiff's FMLA leave by terminating her employment for taking job-protected leave under the FMLA.

44. Defendant lacked good faith and/or reasonable grounds to believe they had not violated the FMLA in its discharge of Plaintiff.

45. Defendant's violation of the FMLA entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorney's fees and costs of bringing this litigation, in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Disability Discrimination in Violation of O.R.C. 4112 et seq.

46. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

47. At all times relevant hereto, Plaintiff's mental health conditions constitute a "disability" under O.R.C. 4112 et seq. as they are medical conditions that substantially limited her ability to do, among other things, think, concentrate, and work at times.

48. Plaintiff was qualified for her position because she could perform the essential job functions with or without reasonable accommodations.

49. Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff's employment.

50. There is a causal connection between Plaintiff's disability and her termination, given, among other reasons, the timing of Defendant's decision and Defendant treating Plaintiff less favorably than non-disabled employees.

51. Plaintiff can demonstrate that Defendant's reason for her termination is a pretext of disability discrimination given, among other reasons, the timing of Defendant's decision, Defendant's explanation for termination lacking a basis in fact, Defendant failing to follow its progressive disciplinary policy with Plaintiff, Defendant treating Plaintiff less favorably after she disclosed her disabled conditions, and Defendant treating Plaintiff less favorably than similarly situated, non-disabled employees.

52. Plaintiff has suffered damages due to Defendant violating rights under O.R.C. 4112 et seq.

## FOURTH CAUSE OF ACTION
### Disability Discrimination in violation of the ADAAA

53. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

54. At all times relevant hereto, Plaintiff's mental health conditions constitute a "disability" under the ADAAA as they are medical conditions that substantially limited her ability to do, among other things, think, concentrate, and work at times.

55. Plaintiff was qualified for her position because she could perform the essential job functions with or without reasonable accommodations.

56. Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff's employment.

57. There is a causal connection between Plaintiff's disability and her termination, given, among other reasons, the timing of Defendant's decision and Defendant treating Plaintiff less favorably than non-disabled employees.

58. Plaintiff can demonstrate that Defendant's reason for her termination is a pretext of disability discrimination given, among other reasons, the timing of Defendant's decision, Defendant's reasoning lacking a basis in fact, Defendant failing to follow its progressive disciplinary policy with Plaintiff, Defendant treating Plaintiff less favorably after she disclosed her disabled conditions, and Defendant treating Plaintiff less favorably than similarly situated, non-disabled employees.

59. Plaintiff has suffered damages due to Defendant violating rights under ADAAA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests monetary damages including economic damages, back pay and benefits, expert witness fees and attorneys' fees and costs, and front pay, liquidated damages, compensatory damages, and punitive damages in an amount to be determined at trial, which the Court deems just and appropriate.

Respectfully submitted,


/s/ Bradley L. Gibson
Bradley L. Gibson (0085196), Trial Attorney
**GIBSON LAW, LLC**
9200 Montgomery Rd., Suite 11A
Cincinnati, OH 45242
(brad@gibsonemploymentlaw.com)
Ph:  (513) 834-8254
F: (513) 834-8253

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

                                                  /s/ Bradley L. Gibson
                                                  Bradley L. Gibson (0085196)